WIGGINTON, Judge
(concurring in part and dissenting in part).
I agree to that part of the majority opinion concurred in by Judges STURGIS and CARROLL, which affirms the trial court’s order quashing appellant’s amended alternative writ of mandamus. The assignments of error on this appeal are confined solely and exclusively to the propriety of the mentioned order. The validity of the order quashing the amended alternative writ is the only issue before us for decision.
I am unable to agree with that part of the majority opinion which remands this cause with directions that it be reinstated on the docket and leave be granted relators to file an amended petition for a further amended alternative writ of mandamus. My reasons for disagreement are manifold and substantial.
The record reveals that no motion or request was made to the trial judge for leave to file a further amended petition for writ following the entry of the quashal order from which this appeal is taken. The trial judge was therefore given no opportunity to rule upon such a request and did not do so. To remand a cause for reinstatement and further proceedings constitutes a reversal on an issue never presented to nor ruled upon by the trial court. Such action by an appellate court is not only improper but unjustified. Fur *793 thermore, appellants have not assigned as error the refusal of the trial judge to permit the filing of a further amended petition for writ.' Under the rules of practice governing appellate procedure cases are heard only on assignments of error, briefs and appendices.[1] Neither in their brief filed in this cause nor in oral argument before the court have appellants requested that this cause be reinstated on the trial court docket and they be granted leave to further amend. They make no suggestion that the trial judge refused them leave to amend, or that such failure constituted an abuse of discretion.
The tendency manifest in the majority opinion toward gratuitous paternalism in the administration of justice at the appellate court level creates confusion and uncertainty among the trial judges and lawyers alike. Such practice should be avoided.

. Rule 8.3, F. JR., 31 F.S.A.